[No. 19539.   Department Two.—July 3, 1895.]

## JOHN CORBIT, RESPONDENT, v. JOHN A. KIM-BALL, APPELLANT.

RESULTING TRUST—PURCHASE BY WIFE—AGENCY FOR HUSBAND.—Where a wife, acting as agent for her husband, under instructions to purchase a tract of land for a specified price, buys only a part of the land for the price authorized to be paid for the whole, the vendor cannot be charged as a trustee for the husband for the balance of the land.

ID. — BELIEF OF HUSBAND — KNOWLEDGE OF DEFENDANT — RULE AS TO AGENCY.—The belief of the husband that his wife was purchasing all of the land, when in fact she was purchasing but part of it, and the fact that the defendant knew or had reason to know that the money paid to him was the husband's money, do not affect the situation of the parties, or alter the rule that the acts of an agent within the scope of the agent's authority bind the principal.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*F. A. Dorn*, and *W. M. Shipsey*, for Appellant.

*Wilcoxon & Bouldin*, for Respondent.

HENSHAW, J.—Appeal from the judgment.

Plaintiff avers that he gave to defendant thirteen hundred dollars with which to buy a certain piece of land, containing about forty acres, and that defendant purchased the land with the money, taking the deed in his own name. He asks that defendant be declared his trustee and be compelled to convey.

Defendant, for answer, denies these allegations, and avers, with other matters not necessary to this consideration, that he purchased the property from its owner, Goldtree, for himself and his own use, Goldtree agreeing to accept in payment therefor the sum of thirteen hundred dollars, or a promissory note for that amount. He received his deed upon July 12, 1893. Thereafter one M. B. Corbit, wife of plaintiff, purchased from him, for a consideration of thirteen hundred dollars, thirty of

the forty acres, defendant reserving ten acres and certain water rights. He further avers that he has made a deed to said M. B. Corbit of the land purchased by her, and, she being dead, expresses his willingness to make any proper additional conveyance to her representatives.

The court finds that plaintiff desired to purchase the forty acres because its water rights would enhance the value of his contiguous land; that plaintiff never employed defendant to negotiate or purchase for him the Goldtree land; that defendant did purchase the land for his own use as above set forth; that after said purchase plaintiff's wife (who had become the owner by gift deed of the community land) contracted and agreed with defendant to buy thirty of the forty acres, and paid him therefor thirteen hundred dollars; that defendant paid Goldtree this money for his land; that defendant, during the lifetime of plaintiff's wife, had made her a deed of the land so purchased by her, and that before the commencement of this action had tendered to plaintiff "a good and sufficient deed to that portion of said forty acres of land sold to said M. B. Corbit." The court further finds that plaintiff furnished to said M. B. Corbit said sum of thirteen hundred dollars paid by her as stated; that, in making said purchase from said Kimball as aforesaid, said M. B. Corbit acted as the agent of plaintiff, and plaintiff understood and believed that said M. B. Corbit was purchasing the whole of said forty acres of land, and defendant knew or had reason to know that the thirteen hundred dollars received by him from M. B. Corbit was the money of this plaintiff.

Upon these findings the court bases a decree that defendant either pay to plaintiff thirteen hundred dollars or make to him a conveyance of the forty acres.

Aside from any question of variance between the allegations and proofs, this decree cannot stand.

No doubt is cast by the court upon the fairness of the transaction between defendant and plaintiff's wife. In that transaction Mrs. Corbit, it is found, was acting

as agent for her husband. It is elementary that an agent's acts within the scope of his authority bind the principal. There was no misunderstanding between Mrs. Corbit and the defendant. She paid what she agreed to pay and received what she agreed to buy. That plaintiff believed his wife was purchasing all, when in fact she was purchasing but part, did not affect the situation of the parties. Neither did the fact that the defendant knew, or had reason to know, that the money paid to him was the husband's money. It is not even found that the defendant knew or had reason to know that the husband thought his wife was purchasing the whole tract.

The judgment appealed from is reversed, and the cause remanded.

McFARLAND, J., and TEMPLE, J., concurred.